# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1616
_____

Linder Kai Divos

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: July 15, 2026
Filed: July 20, 2026
[Unpublished]
_____

Before SHEPHERD, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Linder Divos appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion following his guilty plea to possessing with the intent to distribute fentanyl and being

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

a felon in possession of a firearm. The district court granted a certificate of appealability as to Divos's claim that his plea counsel should have challenged his felon-in-possession charge based on New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 70-71 (2022) (requirement that applicant for license to carry firearm show special need for self-defense violated Second Amendment), and reserved in his plea agreement his right to press such a challenge. Appellate counsel has moved to withdraw, and the government seeks summary affirmance.

Upon careful review, we conclude that the district court did not err in denying section 2255 relief. See Deltoro-Aguilera v. United States, 625 F.3d 434, 436 (8th Cir. 2010) (standard of review). The record squarely shows that any Bruen defense stood little chance of success given the legal landscape at the time of Divos's plea, and plea counsel was not constitutionally obliged to raise arguments in tension with settled authority. See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (in context of plea-related ineffective-assistance claim based on failure to advise of defense, prejudice inquiry largely depends on whether defense would have succeeded); Anderson v. United States, 762 F.3d 787, 794 (8th Cir. 2014) (counsel does not perform deficiently by failing to object to correct application of settled law within circuit or failing to anticipate change in law); see also United States v. Jackson, 110 F.4th 1120, 1125-29 (8th Cir. 2024) (Bruen did not disturb prior Supreme Court statements concerning longstanding prohibitions on possession of firearms by felons).

Accordingly, we grant appellate counsel's motion to withdraw, affirm the judgment, and deny as moot the government's motion for summary affirmance.

_____